UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
JOSE JIMENEZ,

        *Petitioner*,

      v.                    **MEMORANDUM & ORDER**

CHRISTOPHER MILLER, Superintendent     19-CV-5538
of Great Meadow Correctional
Facility,

        *Respondent*.

---------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

      On September 16, 2019, Jose Jimenez ("Mr. Jimenez" or "Petitioner"), who is currently incarcerated at the Great Meadow Correctional Facility in Comstock, New York, filed a petition *pro se* for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (ECF No. 1, "Pet.")  Mr. Jimenez seeks to vacate the conviction entered against him in New York State court.  Respondent moves to dismiss Mr. Jimenez's petition as untimely.  (ECF No. 5, "Res. Mot.")  For the following reasons, the Court finds that Mr. Jimenez's petition is time-barred.  The motion to dismiss is GRANTED, and Mr. Jimenez's petition is DENIED.

## Background

### I.   The Offenses

      Mr. Jimenez was convicted in state court of the repeated sexual assault of two minors in Queens, New York. (Res. Mot. 4.)  In June 2012, the first victim reported to his

1

mother for the first time that he was raped and abused by Mr. Jimenez from 2002 to 2004. (*Id.*) He told his mother that he was worried Mr. Jimenez was also abusing his younger cousin. (*Id.*)

An investigation ensued, and the cousin was interviewed by a detective on July 2, 2012. (*Id.*) He reported to the detective that he had also been raped and abused by Mr. Jimenez. (*Id.*) On July 3, 2012, the child was examined by a pediatrician, who found a fissure on the child's anus. (*Id.*) On July 4, 2012, Mr. Jimenez was apprehended and made both verbal and written statements confessing to sexually abusing the two minors. (*Id.*) On July 12, 2012, Mr. Jimenez met with the grandfather of the two minors, and offered to pay money if the family dropped the charges. (*Id.*)

## II.  Charges and Conviction

The Queens County District Attorney's Office charged Mr. Jimenez with Predatory Sexual Assault of a Child, New York Penal Law ("NYPL") § 130.96; two counts of Course of Sexual Conduct Against a Child in the First Degree, NYPL § 130.75(1)(b); one count of Criminal Contempt in the Second Degree, NYPL § 215.50(3); and one count of Endangering the Welfare of a Child, NYPL § 260.10(1). Mr. Jimenez pleaded not guilty and the case proceeded to trial.

On June 3, 2015, a jury in the Supreme Court of the State of New York, Queens County convicted Mr. Jimenez on all counts.  Following Mr. Jimenez's conviction, the Supreme Court sentenced him to concurrent sentences of twenty-four years to life on each count.

### III. Appeals and Post-Conviction Motions

Mr. Jimenez appealed his conviction to the Supreme Court, Appellate Division, on the same grounds as the instant petition.  (Pet. 3.)[1]  On March 22, 2017, Mr. Jimenez's conviction was affirmed. *People v. Jimenez*, 148 A.D.3d 1054 (2nd Dept. 2017).  He applied for leave to appeal to the New York Court of Appeals, and his application was denied on June 29, 2017.  *People v. Jimenez (Jose)*, 29 N.Y.3d 1128 (2017).  Mr. Jimenez did not file a petition for certiorari in the United States Supreme Court.  (Pet. 4.)

On September 11, 2018, Mr. Jimenez filed a post-conviction motion under New York Criminal Procedure Law § 440.10, alleging ineffective assistance of counsel.  (Pet. 4-5.)  On February 25, 2019, the motion was denied.  (Pet 5.)  Mr. Jimenez appealed the decision on the grounds of abuse of discretion.  (*Id.*)  Leave to appeal was denied on August 27, 2019.  (*Id.*; Res. Mot. 9-10.)

---

[1] Mr. Jimenez's habeas petition contains duplicative page numbers. Throughout this Memorandum & Order, the page numbers cited refer to the ECF page numbers at the top of his petition.

## Procedural History

On September 16, 2019, Mr. Jimenez signed a petition for a writ of habeas corpus, and a notarized affidavit stating he was "placing the same in the mailbox at the Great Meadow Correctional Facility." (Pet. 14-15.) The Petition was received by the court and docketed on September 26, 2019. Mr. Jimenez's petition seeks relief based on five grounds: (1) the trial court's display of bias and interference against the defendant, (2) the trial court's limitation on the defendant's cross-examination, (3) the trial court's denial of defendant's right to present a defense, (4) the trial court's allowance of improper bolstering, and (5) ineffective assistance of counsel. (*Id.* at 6-11.)

On November 26, 2019, Respondent moved to dismiss the action as time-barred. On December 26, 2019, Petitioner filed an affidavit in opposition to the motion. (ECF No. 7, Affidavit in Opposition to Motion, "Aff. in Op.") On January 7, 2020, Respondent filed a reply. (ECF No. 8.)

## Legal Standard

Title 28 U.S.C. § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States."  28 U.S.C. § 2254(a).  The Antiterrorism and Effective
Death Penalty Act of 1996 ("AEDPA") narrowed the scope of
federal habeas review of state convictions where the state court
has adjudicated a petitioner's federal claim on the merits.  28
U.S.C. § 2254(d).  AEDPA imposes a very deferential standard of
review, "requiring courts to assess whether the state court's
decision was 'so lacking in justification that there was an
error well understood and comprehended in existing law beyond
any possibility for fairminded disagreement.'"  *Garner v. Lee*,
908 F.3d 845, 861 n.14 (2d Cir. 2018), *cert. denied*, No. 18-
8348, 2019 WL 1104003 (U.S. Apr. 22, 2019) (citing *Harrington v.
Richter*, 562 U.S. 86, 103 (2011)).

        Under AEDPA, individuals have one year from the
conclusion of direct review to file a petition for habeas
relief.  28 U.S.C § 2244(d).  The limitation "does not begin to
run until the completion of direct appellate review in the state
court system and either the completion of certiorari proceedings
in the United States Supreme Court, or – if the prisoner elects
not to file a petition for certiorari – the time to seek direct
review via certiorari has expired."  *Williams v. Artuz*, 237 F.3d
147, 151 (2d Cir. 2001); *see also Clay v. United States*, 537
U.S. 522, 524 (2003).  "[P]roper calculation of Section
2244(d)(2)'s tolling provision excludes time during which
properly filed state relief applications are pending but does

not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

"Motions to dismiss habeas petitions on procedural grounds pursuant to Rule 12(b)(6) are not inconsistent with the Habeas Rules, given the wide discretion afforded district judges in the disposition of habeas petitions." *Adams v. Greiner*, 272 F. Supp. 2d 269, 271 (S.D.N.Y. 2003). "In considering the [respondent]'s Motion To Dismiss, the Court must accept all well-pleaded factual allegations in the Petition as true and draw all reasonable inferences in favor of the petitioner." *Id.* Because Petitioner is proceeding *pro se*, his petition must be read "liberally" and should be interpreted "to raise the strongest arguments that [it] suggest[s]." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

## Discussion

### I.   The Statute of Limitations

Individuals have one year from the conclusion of direct review of their case to file a petition for habeas relief.  28 U.S.C § 2244(d).  Petitioner's application for leave to appeal his conviction to the New York Court of Appeals was denied on June 29, 2017.  *People v. Jimenez (Jose)*, 29 N.Y.3d 1128 (2017).  Petitioner then had 90 days to petition the United States Supreme Court for certiorari, U.S. Sup. Ct. R. 13(1), but

he did not.  (Pet. 4.)  Therefore, the statute of limitations
began to run when his window to file a petition for certiorari
closed, 90 days after the denial of his application for leave to
appeal, on September 27, 2017.  *See Williams*, 237 F.3d 147, 151
("the AEDPA limitations period specified in Section
2244(d)(1)(A) does not begin to run until the completion of
direct appellate review in the state court system and . . .the
time to seek direct review via certiorari has expired").

Sixteen days before the one-year statute of
limitations expired, on September 11, 2018, Petitioner filed a
post-conviction motion under New York Criminal Procedure Law
§ 440.10 (Pet. 4-5), tolling the statute of limitations.  That
proceeding lasted until August 27, 2019, when review was denied
by the appellate court.  (Pet. 5; Res. Mot. 10.)  Petitioner
then had 16 days, until September 12, 2019, to file for habeas
relief.  *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002)
("Section 2244(d)(2)'s tolling provision excludes time during
which properly filed state relief applications are pending but
does not reset the date from which the one-year statute of
limitations begins to run.") (quoting *Smith*, 208 F.3d at 17).

Under the prison mailbox rule, a *pro se* petition from
an incarcerated individual is considered filed when it is
delivered to prison officials to mail. *Houston v. Lack*, 487 U.S.
266, 275 (1988).  Mr. Jimenez signed both his petition and an

accompanying affidavit of service on September 16, 2019.  (Pet. 14, 15.)  The affidavit of service, which was notarized, stated that he was placing the petition in the mail that day.  (*Id*. at 14.)  Therefore, September 16, 2019 is the earliest date his petition could be considered filed.

In his opposition to Respondent's motion to dismiss, Petitioner does not dispute that his petition was not filed by the required date (September 12, 2019).  He included with his opposition a copy of an Affidavit and Memorandum of Law in Support of an Application for Error Coram Nobus Relief, which he filed in state court.  (Aff. in Op. 9.)  That affidavit, however, was filed in state court on December 4, 2019.  (*Id*. At 5.)  Because it was filed several months after September 2019, it did not toll the statute of limitations, which had already expired.[2]

Even when construing all facts in a light most favorable to Petitioner, the statute of limitations expired on September 12, 2019, and he filed his petition on September 16, 2019.

---

[2] To the extent Petitioner asks this court to grant his application for a writ of error *coram nobus*, that request is denied, as this court lacks jurisdiction to issue such a writ with respect to state court proceedings.  *See, e.g.*, *Finkelstein* v. *Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) (Federal "court[s] lacks jurisdiction to grant such a writ with respect to a judgment of a state court.  As a historical matter, the writ of *coram nobis* was used by a court to correct its own errors.").

## II. Equitable Tolling

Even where a petition is time-barred, the statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 648-649 (2010). Petitioner does not argue that he is entitled to equitable tolling, but given Petitioner's *pro se* status, the court nonetheless considers whether equitable tolling is appropriate.

"Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." *Rudaj v. Treanor*, 522 F. App'x 76, 77 (2d Cir. 2013) (quoting *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Moreover, to toll the limitations period, the extraordinary circumstances "must have *caused* the late filing." *Siler v. Lamanna*, 2018 WL 3687990, at *3 (S.D.N.Y. Apr. 20, 2018) (emphasis in original), *report and recommendation adopted*, 2018 WL 3677882 (S.D.N.Y. Aug. 2, 2018).

Though Petitioner has diligently pursued various avenues of potential relief in state court, neither his petition nor his opposition to the motion to dismiss offer any explanation of diligent efforts to file his habeas petition in a timely manner.  Nor does Petitioner cite any extraordinary circumstances that caused his late filing.

The only explanation offered by Petitioner is that his facility was on lockdown "a few times" in the months of July, August, and September 2019.  (Aff. in Op. 2.)  Lockdowns, however, "do not qualify as extraordinary circumstances." *Lindo v. LeFever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002); *see Green v. Capri*, 2018 WL 2452623, at *4 (N.D.N.Y. May 31,2018) ("[G]eneralized complaints about obstacles to [petitioner's] regular access to the law library, including lockdowns . . . are precisely the type of difficulties common to prison life that courts have found do not constitute extraordinary circumstances.").

Petitioner offers no other explanation for his failure to file his petition on time.  The court, therefore, finds no extraordinary circumstances requiring an application of the doctrine of equitable tolling to Mr. Jimenez's petition.

## **Conclusion**

Based on the foregoing, Respondent's motion to dismiss is GRANTED, and Mr. Jimenez's petition for a writ of *habeas*

*corpus* is DENIED.  Petitioner's action is time-barred under
AEDPA, and equitable tolling is not appropriate because no
extraordinary circumstances are present.  Because Mr. Jimenez
has not made a substantial showing of the denial of a
constitutional right, a certificate of appealability shall not
issue.  28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S.
322, 327 (2003) (discussing certificate of appealability
standard); Rules Governing Section 2254 and 2255 Cases, Rule 11
("The district court must issue or deny a certificate of
appealability when it enters a final order adverse to the
applicant.").

        The Clerk of Court is respectfully directed to enter
judgment in favor of Respondent, serve a copy of this Memorandum
& Order and the judgment on Petitioner, and close the case.

        In addition, the court's review of the docket revealed
that one of Petitioner's filings contained the full names of
minor children.  (ECF No. 7.)  Pursuant to the E-Government Act
of 2002, and corresponding guidance adopted by this court (*see*
https://img.nyed.uscourts.gov/files/local_rules/egov2002-
amd8204.pdf), filings should not include such information.  The
Clerk of Court is, therefore, respectfully directed to restrict
access to the aforementioned docket entry to case participants
only, to protect the children's privacy.

**SO ORDERED.**

Dated:      Brooklyn, New York
            May 11, 2020

                                    _____/s/_____
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge